**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ACHATES REFERENCE PUBLISHING, INC.,** | **Civil Action No. 2:11-cv-294** |
| *Plaintiff,* | |
| **vs.** | **JURY TRIAL DEMANDED** |
| **SYMANTEC CORPORATION; GLOBALSCAPE INC.; COMMON TIME INC.; COMMON TIME LTD.; NATIVE INSTRUMENTS SOFTWARE SYNTHESIS GMBH; NATIVE INSTRUMENTS NORTH AMERICA, INC.; STARDOCK SYSTEMS INC.; VALVE LLC; ELECTRONIC ARTS, INC.; NERO AG; NERO INC.; QUICKOFFICE, INC.; and SOLARWINDS INC.** | |
| *Defendants.* | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

**(1) A factual and legal description of the case, which also sets forth the elements of each cause of action and each defense.**

PLAINTIFF:

Plaintiff sued Defendants for alleged infringement of U.S. Patent Nos. 5,982,889 and 6,173,403 (collectively the "Achates Patents"). These patents are respectively entitled, "Method and Apparatus for Distributing Information Products," and "Method and Apparatus for Distributing Information Products" and both patents relate to software activation technology. The United States Patent and Trademark Office issued the 889 Patent more than 12 years ago on November 9, 1999 and issued the 403 Patent almost 11 years ago on January 9, 2001. Jason DeMont is the sole inventor of both patents.

Plaintiff asserts that it is the exclusive owner of all rights to the Achates Patents.

Plaintiff alleges that each Defendant, collectively or individually, infringes, directly or indirectly, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the Achates Patents by, among other things, making, using, selling, offering to sell, and/or importing software using the patented activation technology.

Plaintiff seeks a variety of relief based on these claims, including a judgment that the Achates Patents are valid and enforceable and that each Defendant has infringed the Achates Patents; injunctive relief; monetary relief, including but not limited to actual damages, pre- and post- judgment interest, enhanced damages, and costs; attorneys fees; and such other and further relief as the Court deems just and equitable.

DEFENDANTS:

Defendants deny and have denied the allegations against them collectively and individually, and have demanded strict proof of the allegations.  Defendants deny that they directly or indirectly infringe the asserted patents, and contend that Plaintiff has failed to state a claim for which relief can be granted.  Additionally, Defendants contend that the patents-in-suit are invalid based on failure to satisfy 35 U.S.C. §§ 101, 102, 103, and/or 112, and that the Plaintiff is barred from asserting its claims by other affirmative defenses raised by Defendants in this litigation. Defendants have asserted counterclaims for declaratory judgment of non-infringement and invalidity.

**(2) The date the Rule 26(f) conference was held, the names of those persons who were in attendance, and the parties they represent.**

The conference required by Fed. R. Civ. P. 26(f) was held telephonically on November 18, 2011. Counsel who attended for each party are listed below:

| Party Representing | Name Of Counsel And Contact Info |
| --- | --- |
| Achates | Michael Cukor, Esq.<br>Gibbons P.C.<br>One Pennsylvania Plaza<br>New York, New York 10119<br>Tele. (212) 613-2013<br>Fax. (212) 554-9658<br>E-mail: mcukor@gibbonslaw.com |
| Achates | D. Jeffrey Rambin<br>CAPSHAW DERIEUX, LLP<br>114 E. Commerce Ave.<br>Gladewater, Texas 75647<br>Telephone:  903-236-9800<br>Facsimile:  903-236-8787<br>jrambin@capshawlaw.com<br>State Bar No. 00791478 |

| Achates | Robert Christopher Bunt<br>Charles Ainsworth<br>State Bar No. 00783521<br>Email: charley@pbatyler.com<br>PARKER, BUNT & AINSWORTH<br>100 E. Ferguson, Suite 1114<br>Tyler, TX 75702<br>State Bar No. 00787164<br>rcbunt@pbatyler.com |
| --- | --- |
| Native Instruments | Russell C. Petersen / Eric Knapp<br>Carroll, Burdick & McDonough LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104<br>(415) 743-2547 / 415.989.5900<br>rpetersen@cbmlaw.com /<br>eknapp@cbmlaw.com |
| Symantec | Ryan R. Smith<br>WSGR<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>650.849.3345<br>rsmith@wsgr.com |
| Nero | Ryan R. Smith<br>WSGR<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>650.849.3345<br>rsmith@wsgr.com |
| Stardock | Tonya M. Gray<br>Andrews Kurth LLP<br>1717 Main Street, Suite 3700<br>Dallas, Texas 75201<br>214.659.4545 Phone<br>tonyagray@andrewskurth.com |
| Quickoffice | Keith Smiley for Craig Tadlock<br>Tadlock Law Firm<br>400 E. Royal Lane, Suite 290<br>Irving, Texas 75039<br>214-785-6014 |

| GlobalScape | John M. Jackson<br>Jackson Walker L.L.P.<br>901 Main St., Ste 6000<br>Dallas, TX 75202-3797<br>W: (214) 953-6109<br>jjackson@jw.com |
|---|---|
| Valve | Reynaldo C. Barceló<br>Barceló, Harrison & Walker, LLP<br>2901 West Coast Hwy, Suite 200<br>Newport Beach, CA  92663<br>(949) 340-9736<br>rey@bhiplaw.com |
| EA | Bryan J Sinclair<br>K&L Gates<br>630 Hansen Way<br>Palo Alto, California  94304<br>(650) 798-6749<br>bryan.sinclair@klgates.com |
| SolarWinds | Bryan J Sinclair<br>K&L Gates<br>630 Hansen Way<br>Palo Alto, California  94304<br>(650) 798-6749<br>bryan.sinclair@klgates.com |

**(3) A list of any cases that are related to this case and that are pending in any State or federal court with the respective case number and court.**

None.

**(4) The expected length of trial.**

The parties anticipate that it will take approximately 40-60 hours to present the evidence at trial, but that time could vary somewhat depending on how many of the Defendants remain in the case at the time of trial.

Because the case is at an early stage the structure of the trial should be discussed when the case is more fully developed, such as at the *Markman* hearing.

**(5) Whether the parties jointly agree to trial before a magistrate judge.**

The parties do not agree to trial before a United States Magistrate Judge.

**(6) Whether a jury demand has been made.**

A timely jury demand has been made.

**(7) Proposed modification of the deadlines in the Proposed Docket Control Order.**

The parties submit a Joint Proposed Docket Control Order, attached as Exhibit A.

**(8) The need for and modification of the proposed specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses, which are included herein.**

With respect to written discovery, the parties propose that Plaintiff may serve up to 15 common interrogatories on all Defendants and may serve an additional 5 interrogatories on each individual Defendant (affiliated parties count as one). Defendants may collectively serve up to 15 common interrogatories on plaintiff and each Defendant may serve an additional 5 interrogatories on Plaintiff.

The parties jointly propose that for fact depositions, each side will be limited to 100 hours of deposition time. Of that time, not more than 40 hours may be taken against a single defendant.

The parties propose a limitation of 25 common requests for admissions per side and 25 specific requests for admissions per party, with unlimited requests for admissions for the purpose of authentication of documents.

The parties agree to serve and accept service by e-mail all discovery requests and written responses and any other papers that are not filed. Service of such documents by any means, including by hand, shall be deemed equivalent to service by electronic means and three days will be added to the response date. The serving party shall attach the documents in PDF format or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via a service with the ability to track deliveries and verify receipt. The parties agree to exchange courtesy copies of discovery requests in MS Word format at the time of serving any request.

With regard to electronically stored information ("ESI"), the parties agree to produce all documents, both and hard copy/paper documents, in an electronic format. Both ESI (including e-mail and other native electronic documents, such as word-processing documents, spreadsheets, or electronic presentations) and hard copy/paper documents shall be produced electronically unless impracticable. To the extent that a party has Optical Character Recognition ("OCR") information, that information will be produced

and associated as appropriate with the documents in the production unless the cost is unreasonable.  The parties will produce all documents as either single-page, uniquely and sequentially numbered CCITT Group 4 Tagged Image File Format ("TIFFs" or ".TIFF format") files or PDF files, or another file type as mutually agreed upon between the parties. Image files shall be accompanied by an image cross-reference load file indicating the beginning and ending endorsed number (i.e., production number) of each document and any related non-privileged OCR information available. If production in TIFF or PDF format is not practicable due to the nature of a particular production document, such as some large spreadsheet documents, such documents shall be produced in native format. The parties agree to reasonably cooperate on means for production of any materials that may require an approach different from that outlined here.

With regard to privileged documents, the parties have agreed that privileged documents created after the filing of the suit need not be included in the parties' privilege logs. The parties have also agreed to return any privileged documents inadvertently produced pursuant to the entry of the Court's Protective Order. Further, the parties have agreed to return any documents that were inadvertently produced and subject to a claim of privilege.

### With regard to email productions, Plaintiff has proposed the following.

To the extent defendants have email discovery (dated prior to the filing of the Complaint) that shows knowledge by the defendants of the patents in suit or the Plaintiff, that it is each defendant's responsibility to produce that information with their 3-4 documents.

Other than that, Defendants will not need to make an email production until after the procedure below is completed.

Defendants will each produce a knowledgeable 30(b)(6) witness regarding their document custodians. That witness will be competent to testify about the names of the witnesses that may have generated relevant documents, the types of documents likely to be generated by such witness, the dates of employment of such witness and the job responsibilities and management/reporting role of such witness. After that deposition, the parties will meet and confer and attempt to reach agreement on the appropriate search strategy for emails. If the parties fail to agree, they will submit competing proposals to the Court for a ruling.

### With regard to email productions, Defendants' have proposed the following.

After the exchange of the parties' initial disclosures, Plaintiff shall designate up to five (5) document custodians of each Defendant from which the discovery of electronic mail may be obtained, and each Defendant shall designate up to five (5) document custodians of Plaintiff from which the discovery of electronic mail may be obtained.  The parties shall meet and confer in good faith regarding the proper custodians to be designated if any disagreement exists.  The propounding party may then select up to ten (10) search

terms narrowly tailored to particular issues. The parties shall meet and confer concerning the proper timeframe for electronic mail discovery. In the event of a dispute concerning one or more search terms or the timeframe, the parties shall meet and confer in an effort to resolve the dispute. A party may obtain discovery from additional custodians only upon a showing of good cause.

**(9) The entry of a Protective Order.**

The Plaintiff has proposed using Judge Everingham's Standard Protective Order.  The parties will cooperate to submit an agreed protective order to the Court no later than December 30, 2011.

**(10) The appointment of a Technical Advisor or Special Master.**

The parties do not believe the Court will need a Technical Advisor or a Special Master.

**(11) The number of claims being asserted.**

The number of claims being asserted by Plaintiff will be 10 or less.

**(12) The possibility of early mediation.**

The parties have scheduled a deadline for voluntary early mediation.

**(13) Local Rules pertaining to attorney misconduct.**

All of the parties understand the Local Rules pertaining to attorney misconduct.


Dated:  December 2, 2011



Respectfully submitted,

/s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
D. Jeffrey Rambin
Email: jrambin@capshawlaw.com
State Bar No. 00791478

**CAPSHAW DERIEUX, LLP**

114 E. Commerce Ave.

Gladewater, Texas 75647

Telephone:  903-236-9800

Facsimile:  903-236-8787

Robert M. Parker

State Bar No. 15498000

Email: rmparker@pbatyler.com

Robert Christopher Bunt

State Bar No. 00787164

Email: rcbunt@pbatyler.com

Charles Ainsworth

State Bar No. 00783521

Email: charley@pbatyler.com

**PARKER, BUNT & AINSWORTH**

100 E. Ferguson, Suite 1114

Tyler, TX 75702

Phone: (903) 531-3535

Facsimile: (903) 533-9687

Michael Cukor

New York State Bar No. 3935889

**GIBBONS P.C.**

One Pennsylvania Plaza, 37th Floor

New York, New York 10119-3701

(212) 613-2013 (telephone)

(212) 554-9658 (facsimile)

Email: mcukor@gibbonslaw.com

*Of Counsel:*

Vincent E. McGeary

New Jersey State Bar No. 041681991

**GIBBONS P.C.**

One Riverfront Plaza

Newark, NJ

Phone: (973) 596-4837

Facsimile: (973) 639-6477

Email: vmcgeary@gibbonslaw.com

*Attorneys for Plaintiff*

*Achates Reference Publishing, Inc.*

**ANDREWS KURTH LLP**

By:  _____/S/  *Gerald C. Conley*_____
Gerald C. Conley
Texas Bar No. 04664200
geraldconley@andrewskurth.com
Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas  75201
Telephone: 214-659-4400
Facsimile:  214-659-4401

J. Roger Williams, Jr.
Texas Bar No. 21555650
rwilliams@andrewskurth.com
111 Congress Ave., Suite 1700
Austin, Texas 78701
Telephone: (512) 320-9236
Facsimile: (512) 320-9292

**ATTORNEYS FOR DEFENDANT
STARDOCK SYSTEMS, INC.**

*/s/ Eric J. Knapp*
Eric J. Knapp, Cal. Bar No. 214352
*Pro Hac Vice*
Siegmar Pohl, Cal. Bar No. 254657
Pro Hac Vice
Russell C. Petersen, Cal Bar No. 264245
Email: eknapp@cbmlaw.com
spohl@cbmlaw.com
rpetersen@cbmlaw.com
Carroll Burdick & McDonough
44 Montgomery Street Suite 400
San Francisco, CA 94104
415/989-5900
Fax: 415/989-0932

**ATTORNEYS FOR DEFENDANT
NATIVE INSTRUMENTS SOFTWARE
SYNTHESIS GMBH**

*/s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
TADLOCK LAW FIRM
400 E. Royal Lane, Suite 290
Irving, Texas 75039
Ph: (214) 785-6014
craig@tadlocklawfirm.com

**COUNSEL FOR DEFENDANT
QUICKOFFICE, INC.**

*/s/ Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903)934-9257

Eugene L. Chang
echang@willkie.com
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

**ATTORNEY FOR DEFENDANT AND
COUNTER-CLAIMANT
COMMONTIME,
 INC.**

Jayson W. Sowers (admitted pro hac vice)
jsowers@riddellwilliams.com
Gavin W. Skok (admitted pro hac vice)
gskok@riddellwilliams.com
Bryan J. Case (admitted pro hac vice)
bcase@riddellwilliams.com
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  (206) 624-3600
Facsimile:  (206) 389-1708

Reynaldo C. Barceló (admitted pro hac vice)
rey@bhiplaw.com
BARCELÓ, HARRISON & WALKER,
LLP
2901 West Coast Hwy., Suite 200
Newport Beach, CA 92663
Telephone: (949) 340-9736
Facsimile: (949) 258-5752

Melissa Richards Smith, State Bar No.
24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile: (903) 934-9257

***ATTORNEYS FOR DEFENDANT
VALVE CORPORATION***

M. Craig Tyler
State Bar No. 00794762
Brian A. Dietzel
State Bar No. 24040804
WILSON SONSINI GOODRICH &
ROSATI, P.C.
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Voice: 512-338-5400
Facsimile: 512-338-5499
ctyler@wsgr.com
bdietzel@wsgr.com

Stefani E. Shanberg
State Bar No. 24009955
Ryan R. Smith (pro hac vice)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
Voice: 650-493-9300
Facsimile: 650-493-6811
sshanberg@wsgr.com

rsmith@wsgr.com

**ATTORNEYS FOR DEFENDANT
SYMANTEC CORPORATION**

**JACKSON WALKER L.L.P.**

/s/ John M. Jackson
Robert P. Latham
Attorney-in-Charge
Texas Bar No. 11975500
blatham@jw.com
John M. Jackson
Texas Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas Bar No. 24062577
macosta@jw.com
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone:  (214) 953-6109
Facsimile:   (214) 661-6645

**ATTORNEYS FOR DEFENDANT
GLOBALSCAPE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this December 2, 2011 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ S. Calvin Capshaw