IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ACHATES REFERENCE PUBLISHING, INC., Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-294 |
| SYMANTEC CORPORATION, et al., Defendants. | § § § | |

## ORDER REGARDING ELECTRONIC DISCOVERY

Before the Court is the parties' Joint Discovery/Case Management Plan. Dkt. No. 111. Defendants propose e-discovery provisions similar to those in the Federal Circuit Advisory Council's Model Order Regarding E-Discovery in Patent Cases. *Id.* at pp. 6-7 of 12. Plaintiff has proposed that, prior to discussing limits on e-discovery, Plaintiff be allowed Rule 30(b)(6) depositions of Defendants to identify custodians. *Id.* at p. 6 of 12. The Court heard oral arguments during the December 7, 2011 scheduling conference. *See* 12/7/2011 Minute Entry, Dkt. No. 112. Based on the parties' comments during the scheduling conference, the patents-in-suit, and all other relevant papers and pleadings, the Court hereby **ORDERS** as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure ("Rule") 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the date of this Order. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing

proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Rules 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

5. General ESI production requests under Rules 34 and 45 shall not include email or other forms of electronic correspondence (collectively, "email"). To obtain email parties must propound specific email production requests.

6. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

8. Each requesting party shall limit its email production requests to a total of eight (8) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. If the parties are unable to agree on which party should bear the cost for such additional custodians, the parties should present their dispute to the Court for resolution.

9. Each requesting party shall limit its email production requests to a total of ten (10)

search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  If the parties are unable to agree on which party should bear the cost for additional search terms, the parties should present their dispute to the Court for resolution.  The search terms shall be narrowly tailored to particular issues.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.              **IT IS SO ORDERED.**

**SIGNED this 14th day of December, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE