**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ACHATES REFERENCE PUBLISHING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SYMANTEC CORPORATION; GLOBALSCAPE INC.; STARDOCK SYSTEMS INC.; ELECTRONIC ARTS, INC.; QUICKOFFICE, INC.; SOLARWINDS INC.; and APPLE INC. <br><br> Defendants. | CIVIL ACTION NO. 2:11-CV-00294-JRG-RSP |

**PLAINTIFF ACHATES REFERENCE PUBLISHING, INC.'S SURREPLY IN
<u>OPPOSITION TO APPLE INC.'S MOTION TO SEVER</u>**

Plaintiff Achates Reference Publishing, Inc. ("Achates") respectfully submits this surreply in support of its opposition to Defendant Apple Inc.'s ("Apple") motion to sever.

### I. Apple's Claims Of Prejudice Do Not Justify Not Joining Or Consolidating Apple In An Action Against QuickOffice.

Apple asserts that it would be prejudiced if it is added "a year into this litigation, with only four months to complete claim construction, fact discovery, and begin expert discovery…" (Apple Reply, page 1). However, other courts have considered adding defendants in similar or later stages and found that there would be no undue prejudice based on time. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 206 CV 272, 2008 U.S. Dist. LEXIS 35577, *11-12 (E.D. Tex. April 30, 2008) (granting plaintiff leave to assert claims against new parties after the claim construction ruling, four months before the close of discovery and the dispositive motion deadline, and six months before trial); *B & H Mfg. Co., Inc. v. Sidel, Inc.*, 2:07-cv-02208-MCE-EFB, 2009 U.S. Dist. LEXIS 18102, *6 (E.D. Cal. March 10, 2009) (granting the addition of defendants four months before the close of discovery, seven months before the dispositive motion deadline, and nine months before the pretrial conference deadline); *Ovadia Corp. v. Instyle Jewellery,* 04 Civ. 9135 (RMB) (JCF), 2005 U.S. Dist. LEXIS 13084, *9 (S.D.N.Y. June 30, 2005) (granting the addition of a defendant two months before the close of discovery).[1]

Apple also claims that it will be prejudiced because it "will be denied a 'meaningful opportunity to present individualized defenses…'" (Apple Reply, page 5) However, Apple does not identify a single unique or individualized defense that it seeks to present. In fact, courts in this district and others routinely recognize that the common issues of fact and law surrounding patent infringement actions normally warrant joining or consolidating defendants, despite claims of prejudice. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, NO. 6:11-CV-495, 2012 U.S. Dist. LEXIS 112757, *17 (E.D. Tex. Aug. 10, 2012). As stated by the court in *SRI Intern., Inc.*

---

[1] Apple tries to argue that its prejudice is due to, according to Apple, Achates delay in bringing Apple in to this action. Apple conveniently ignores that QuickOffice provided Achates with an interrogatory response stating that Apple possessed relevant information on Achates' infringement claim in May of this year. Achates filed its complaint against Apple the following June. Achates did not delay in bring its claim against Apple.

*v. Internet Security Systems, Inc.*, No. Civ. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797, *11-12 (D. Del. April 13, 2005):

> It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art)… Both [defendants] have asserted invalidity defenses that will require this court to consider the validity of the asserted patents. These defenses will require the court to determine the date of conception and reduction to practice, the relevance of prior art and the level of ordinary skill in the art. It would be an inefficient use of judicial resources for this court to perform all of these tasks twice, once for [Defendant 1] and once for [Defendant 2].

The Federal Circuit and these courts recognize that the conservation of judicial resources is a "paramount" consideration that warrants joining or consolidating defendants. *See In re Google Inc.*, 412 Fed. Appx. 295, 296 (Fed. Cir. March 4, 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective.")

II. **Apple's Request To Have Two Actions Pending In This District On The Same Act of Infringement Would Be A Waste Of Judicial And The Parties' Resources**

Apple is requesting that this Court maintain in this venue two separate actions against QuickOffice and Apple for the same act of infringement.[2] As explained in Achates' opposition, QuickOffice appointed Apple to act as QuickOffice's agent for the distribution of QuickOffice's products and instructed Apple to add the accused security features to QuickOffice's products. Apple's reply does not dispute these facts. By making this combination, both Apple and QuickOffice are causing infringement to occur. This combined and coordinated action between the parties makes them liable as joint infringers.

Other courts have considered similar requests to the one presented by Apple and found that there is no merit to severing parties engaged in joint infringement if the severed actions will

---

[2] Apple states that "if the Court determines to keep Achates's claims against Apple and Quickoffice together, those claims should be severed from Achates's claims against non-Quickoffice Defendants." Achates agrees that if the Court determines that the claims against Apple should be severed from the non-QuickOffice defendants then an action against Apple and QuickOffice should proceed together.

2

simply proceed in the same jurisdiction. These courts recognize that the parties should be joined and proceed in the same action. *See Mshift, Inc. v. Digital Insight Corp.*, No. C 10–00710 WHA, 2010 U.S. Dist. LEXIS 45264, *3 (N.D. Cal. April 12, 2010); *See Privasys, Inc. v. Visa Intern.*, No. C 07-03257 SI, 2007 U.S. Dist. LEXIS 86838, *6-13 (N.D. Cal. Nov. 14, 2007); *See Alloc, Inc., v. Unilin Decor N.V.,* Case No. 02-C-1266, 2005 U.S. Dist. LEXIS 38066, *10-16 (E.D.Wis. Dec.15, 2005) (denying a motion to stay customer claims where manufacturer and customer "are defending claims of infringement in the same consolidated suit in the same jurisdiction"). Courts recognize that a requests such as the one made by Apple would be a waste of judicial resources. *See Lifelink Pharm., Inc. v. NDA Consulting, Inc.,* NO. 5:07-CV-785, 2007 U.S. Dist. LEXIS 62674, *10-11 (N.D.Ohio Aug.24, 2007) ("Where, as here, a patent holder's suit names as defendants both purported customers and the product's source, neither of these latter two goals necessitates staying proceedings against the customer defendants. To the contrary, granting a stay in such a situation would run counter to the goal of fostering judicial economy without enhancing the product source defendant's ability to litigate the issue of patent infringement.")

### III. The Extent Of Apple's Adoption Of Infringing Technology Is Not Relevant For Purposes Of Joinder Or Consolidation.

Apple also appears to argue that it should not be joined or consolidated in an action with QuickOffice because Apple has adopted the infringing technology not only in Apple's App Store but other Apple products or services as well. However, neither Rule 20 or Rule 42 preclude joinder or consolidation if one party has engaged in additional acts of infringement.

The Federal Circuit indicated that the requirements of Rule 20 can be satisfied when joint liability has been alleged (as is the case here) or "there is a logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). The fact that Achates has brought a claim against QuickOffice and Apple based on their joint liability brings an end to that inquiry. Moreover, the Federal Circuit's broader logical relationship test is

3

also satisfied in this case. The Federal Circuit indicated that the "logical relationship" test takes in to consideration numerous factors such as "whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, …licensing or technology agreements between the defendants…" *Id.* at 1359-1360. Each of these factors are present in this action because, as explained in Achates' opposition, QuickOffice appointed Apple to act as QuickOffice's agent for the distribution of QuickOffice's products and instructed Apple to add the accused security features to QuickOffice's products.

Finally, the number of infringing Apple products or services is of minimal importance, if it is relevant at all, to determining whether consolidation is warranted under Rule 42(a). As noted by the Federal Circuit in *In re EMC*: "In exercising its discretion [on joinder issues], the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where … there is only a 'common question of law or fact.'" *Id.* at 1360. As discussed in Achates' Opposition, it is undisputed that there are common questions of law and fact. Issues of claim validity, claim construction, and the scope of the patents-in-suit are questions common to all defendants. *See Innovative Global Systems LLC v. Turnpike Global Techs. LLC*, No. 6:09-CV-157, 2009 U.S. Dist. LEXIS 105929, *6 (E.D. Tex. Oct. 20, 2009); *Adrain v. Genetec, Inc.*, No. 2:08-CV-423, 2009 U.S. Dist. LEXIS 86855, *7 (E.D. Tex. Sept. 22, 2009); *MyMail, Ltd. v. America Online, Inc.,*, 223 F.R.D. 455, 456 (E.D. Tex. 2004). As a result, the standard for consolidation is clearly satisfied.

Apple's argument about the number of products and/or services that utilize the infringing technology is simply a red herring.

### IV. Conclusion

In view of the foregoing and the reasons set forth in its prior opposition, Achates submits that Apple's motion to sever should be denied or in the alternative should be consolidated with the present action.

Dated:  August 31, 2012                              Respectfully submitted,

By: */s/Elizabeth L. DeRieux*

    Charles Ainsworth
    Robert Christopher Bunt
    Andrew Thompson Gorham
    PARKER BUNT & AINSWORTH
    100 E Ferguson
    Suite 1114
    Tyler, TX 75702
    903/531-3535
    903/533-9687 (fax)
    charley@pbatyler.com
    rcbunt@pbatyler.com
    tgorham@pbatyler.com

    Michael Cukor
    Gibbons PC - NJ
    One Gateway Center
    Newark, NJ 07102-5310
    973-596-4500
    973-596-0545 (fax)
    mcukor@gibbonslaw.com

    Elizabeth L DeRieux
    Daymon Jeffrey Rambin
    CAPSHAW DeRIEUX LLP
    114 E Commerce Avenue
    Gladewater, TX 75647
    (903) 233-4816
    (903) 236-8787 (fax)
    ederieux@capshawlaw.com
    jrambin@capshawlaw.com

**COUNSEL FOR PLAINTIFF**
**ACHATES REFERENCE PUBLISHING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 31st day of August, 2012 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Elizabeth L. DeRieux*