# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ACHATES REFERENCE PUBLISHING, INC., <br><br> Plaintiff <br><br> v. <br><br> SYMANTEC CORPORATION; GLOBALSCAPE INC.; COMMON TIME INC.; COMMON TIME LTD.; NATIVE INSTRUMENTS SOFTWARE SYNTHESIS GMBH; NATIVE INSTRUMENTS NORTH AMERICA, INC.; STARDOCK SYSTEMS INC.; VALVE LLC; ELECTRONIC ARTS, INC.; NERO AG; NERO INC.; QUICKOFFICE, INC.; SOLARWINDS INC.; and APPLE INC., <br><br> Defendants. | NO. 2:11-cv-00294 (JRG-RSP) <br><br> Jury Trial Demanded |

**DEFENDANT APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendant Apple Inc. ("Apple"), in response to the First Amended Complaint for Patent Infringement (the "Complaint") filed by Plaintiff Achates Reference Publishing, Inc. ("Achates") on June 20, 2012, states as follows:

**PARTIES**

1.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies each and every allegation contained therein.

2.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies each and every allegation contained therein.

3. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies each and every allegation contained therein.

4. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies each and every allegation contained therein.

5. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies each and every allegation contained therein.

6. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies each and every allegation contained therein.

7. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies each and every allegation contained therein.

8. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies each and every allegation contained therein.

9. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies each and every allegation contained therein.

10. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies each and every allegation contained therein.

11. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies each and every allegation contained therein.

12. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies each and every allegation contained therein.

13. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies each and every allegation contained therein.

14. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies each and every allegation contained therein.

15. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies each and every allegation contained therein.

16. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies each and every allegation contained therein.

17. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies each and every allegation contained therein.

18. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies each and every allegation contained therein.

19. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies each and every allegation contained therein.

20. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies each and every allegation contained therein.

21. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies each and every allegation contained therein.

22. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies each and every allegation contained therein.

23. Omitted.

24. Omitted.

25. Omitted.

26. Omitted.

27. Omitted.

28. Apple is a corporation duly organized and existing under the laws of the state of California. Apple admits that its principal place of business is at 1 Infinite Loop, Cupertino, CA 95014. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 28.

29. Apple admits that it is qualified to do business in the state of Texas and has registered with the Texas Secretary of State, with filing number 4789806 in the Secretary of State's records. Apple admits that Apple has appointed C T Corporation as its registered agent for service of process in Texas and that C T Corporation has an office located at 350 N Saint Paul, Suite 2900, Dallas, TX 75201. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 29.

30. Apple admits that it sells Apple-branded products in Apple Stores located throughout the United States and in Texas, including in the Apple Store at the Willow Bend mall, located at 6121 West Park Blvd., Plano, TX 75093. Apple admits that it sells Apple-branded products to customers throughout the United States, including customers in the state of Texas, through the website store.apple.com. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 30.

31. Apple admits that retailers including Verizon Wireless and Best Buy sell Apple-branded products and that Verizon Wireless and Best Buy have stores located in Tyler, Texas. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 31.

**JURISDICTION AND VENUE**

32. Apple admits that Achates purports to bring a patent infringement action under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. Apple admits that this Court has

subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 32.

33. Apple admits that this Court has personal jurisdiction over Apple. Apple admits that it has transacted and does transact business in the state of Texas. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 33 that pertains to Apple. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and on that basis denies each and every allegation contained therein that does not pertain to Apple.

34. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies each and every allegation contained therein.

35. Apple admits that venue is proper in this District, but denies that this District is a convenient forum under, among others, the doctrine of forum non conveniens. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 35.

## PATENT INFRINGEMENT

36. Apple admits that United States Patent No. 5,982,889 ("the '889 Patent"), titled "Method and apparatus for distributing information products," was issued on November 9, 1999. Apple admits that the face of the '889 Patent identifies Jason Paul DeMont of Basking Ridge, New Jersey as the inventor of the '889 Patent. Apple admits that a document purporting to be a copy of the '889 Patent was attached as Exhibit A to a document titled "Exhibit Index." (D.I. 177). Apple denies that the '889 Patent was duly and legally issued. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 36.

37. Apple admits that United States Patent No. 6,173,403 ("the '403 Patent"), titled "Method and apparatus for distributing information products," was issued on January 9, 2001.

Case 2:11-cv-00294-JRG-RSP Document 242 Filed 09/04/12 Page 7 of 18 PageID #: 1314

Apple admits that the face of the '403 Patent identifies Jason Paul DeMont of Basking Ridge, New Jersey as the inventor of the '403 Patent. Apple admits that a document purporting to be a copy of the '403 Patent was attached as Exhibit B to a document titled "Exhibit Index." (D.I. 177). Apple denies that the '403 Patent was duly and legally issued. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 37.

38. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies each and every allegation contained therein.

39. Apple denies each and every allegation in Paragraph 39 to the extent those allegations relate to Apple. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and on that basis denies each and every allegation contained therein that does not pertain to Apple.

40. Apple denies each and every allegation in Paragraph 40 to the extent those allegations relate to Apple. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and on that basis denies each and every allegation contained therein that does not pertain to Apple.

41. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies each and every allegation contained therein.

42. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies each and every allegation contained therein.

10005515v1
9/4/2012 5:23 PM

-7-

43. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies each and every allegation contained therein.

44. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies each and every allegation contained therein.

45. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies each and every allegation contained therein.

46. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies each and every allegation contained therein.

47. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies each and every allegation contained therein.

48. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies each and every allegation contained therein.

49. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies each and every allegation contained therein.

50. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies each and every allegation contained therein.

51. Apple denies each and every allegation in Paragraph 51.

52. Apple admits that it sells and delivers digital content and applications through the Mac App Store service and the App Store service. Apple admits that it sells and delivers an application called "Quickoffice® Pro" through the App Store. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 52.

53. Apple admits that some information pertaining to the App Store and the Mac App Store is proprietary and confidential and, thus, not shared with third party developers. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 53.

54. Apple denies each and every allegation in Paragraph 54.

55. Apple admits that it learned of this litigation and of the '403 Patent and the '889 Patent on May 2, 2012, when Achates served on Apple third-party subpoenas relating to the litigation. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 55.

56. Apple admits that Achates filed two previous lawsuits relating to the '889 Patent and the '403 Patent: *Achates Reference Publishing, Inc. v. Microsoft Corporation* (Case No. 2:07-cv-00245-CE, E.D. Tex.) and *Achates Reference Publishing, Inc. v. BMC Software, Inc., et al.* (Case No. 2:09-cv-00355-TJW, E.D. Tex.). Apple denies that it was aware of either of these lawsuits before May 2, 2012. Except as expressly admitted herein, Apple denies each and every allegation set forth in Paragraph 56 that pertains to Apple. Apple lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and on that basis denies each and every allegation contained therein.

57. Apple denies each and every allegation in Paragraph 57 that pertains to Apple. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and on that basis denies each and every allegation contained therein.

## RESPONSE TO ACHATES'S DEMAND FOR RELIEF

Apple denies that Achates is entitled to any of the relief sought in its demand for relief against Apple, Apple's officers, directors, agents, servants, employees, attorneys, and all others acting by or through Apple. Achates's demand should, therefore, be denied in its entirety and with prejudice, and Achates should take nothing. Apple asks that judgment be entered for Apple and that this action be found to be an exceptional case under 35 U.S.C. § 285, entitling Apple to be awarded attorneys' fees in defending against this litigation, together with such other and further relief the Court deems appropriate.

## JURY DEMAND

To the extent that a response is required, Apple does not object to, and hereby demands, a trial by jury on all issues so triable.

## DEFENSES

Without assuming any burden other than that imposed by operation of law, Apple asserts the following defenses to Achates's claims against Apple.

### First Defense
### (Failure to State a Claim)

58. Achates's Complaint fails to state any claim upon which relief may be granted. Furthermore, Achates has failed to set forth with sufficient specificity Achates's claims that Apple infringes any of the asserted patents or any possible basis to allege willful infringement.

10005515v1
9/4/2012 5:23 PM

**Second Defense**
**(Standing)**

59.     Achates lacks standing to bring this suit.

**Third Defense**
**(Non-Infringement)**

60.     Apple has not infringed and is not infringing the '889 Patent or the '403 Patent ("the Asserted Patents"), either directly or indirectly.

**Fourth Defense**
**(Invalidity)**

61.     Achates's purported claims for infringement of the Asserted Patents are barred because each and every claim of the Asserted Patents is invalid for failure to comply with the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, 112, and/or 116.

**Fifth Defense**
**(Statutory Limitations on Damages)**

62.     Achates is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286 and/or 287.  Achates is precluded from recovering costs under 35 U.S.C. § 288.

**Sixth Defense**
**(License)**

63.     Achates's purported claims for infringement of the Asserted Patents are barred, in whole or in part, by one or more express or implied licenses.

**Seventh Defense**
**(Prosecution History Estoppel)**

64.     Achates is barred, under the doctrine of prosecution history estoppel, from construing the claims of the '889 Patent or the '403 Patent in such a way as may cover any of Apple's products or processes by reasons of statements made to the United States Patent and

Trademark Office during the prosecution of the applications that led to the issuance of the respective patents.

### Eighth Defense
### (Equitable Defenses)

65. Achates's claims for relief are barred in whole or in part by the equitable doctrines of laches, including prosecution laches, waiver, equitable estoppel, and/or unclean hands.

### Ninth Defense
### (Use By/For Government)

66. To the extent that any accused method has been used by or for the United States Government, Achates's claims and demands for relief are barred by 28 U.S.C. § 1498.

### Tenth Defense
### (Misjoinder)

67. Apple is not a party permitted to be joined in this action under Rule 20 of the Federal Rules of Civil Procedure.

### Eleventh Defense
### (No Injunctive Relief)

68. Achates is not entitled to any injunctive relief because it has not suffered irreparable harm and has an adequate remedy at law.

### Reservation of Additional Defenses

69. Apple reserves all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or come to light in the future based on discovery and further investigation in this case.

### **COUNTERCLAIMS**

Apple Inc. ("Apple") alleges the following counterclaims against Achates References Publishing, Inc. ("Achates").

10005515v1
9/4/2012 5:23 PM

## THE PARTIES

70. Apple is a corporation organized and existing under the laws of the state of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

71. On information and belief, Achates is a corporation organized and existing under the laws of the state of Texas, with an address at 5890 Fairview Parkway, McKinney, TX 75069.

## JURISDICTION AND VENUE

72. These Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

73. By filing its Complaint, Achates has consented to the personal jurisdiction of this Court.

74. To the extent this action remains in this District, venue is appropriate because Achates consented to this venue by filing its Complaint here.

## FACTS

75. Achates alleges that it is the owner of United States Patent No. 5,982,889 ("the '889 Patent"), titled "Method and apparatus for distributing information products," which issued on November 9, 1999. Achates attached a document purporting to be a copy of the '889 Patent as Exhibit A to a document titled "Exhibit Index." (D.I. 177.)

76. Achates alleges that it is the owner of United States Patent No. 6,173,403 ("the '403 Patent"), titled "Method and apparatus for distributing information products," which issued on January 9, 2001. Achates attached a document purporting to be a copy of the '403 Patent as Exhibit B to a document titled "Exhibit Index." (D.I. 177.)

## CAUSES OF ACTION

### Count I: Non-Infringement of the '889 Patent

77. Apple incorporates by reference the allegations set forth in Paragraphs 69-75.

78. An actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Apple and Achates with respect to the '889 Patent because Achates brought this action against Apple, alleging that Apple infringes the '889 Patent, which Apple denies. Without a declaration of non-infringement, Achates will continue to wrongfully assert the '889 Patent against Apple.

79. Apple has not infringed and does not infringe the '889 Patent in any manner, directly or indirectly, willfully or otherwise, and Apple is entitled to a declaration to that effect.

80. Pursuant to 35 U.S.C. § 285, this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action.

### Count II: Non-Infringement of the '403 Patent

81. Apple incorporates by reference the allegations set forth in Paragraphs 69-75.

82. An actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Apple and Achates with respect to the '403 Patent because Achates brought this action against Apple, alleging that Apple infringes the '403 Patent, which Apple denies. Without a declaration of non-infringement, Achates will continue to wrongfully assert the '403 Patent against Apple.

83. Apple has not infringed and does not infringe the '403 Patent in any manner, directly or indirectly, willfully or otherwise, and Apple is entitled to a declaration to that effect.

84. Pursuant to 35 U.S.C. § 285, this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action.

### Count III: Invalidity of the '889 Patent

85. Apple incorporates by reference the allegations set forth in Paragraphs 69-75.

86. An actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Apple and Achates with respect to the validity of the '889 Patent because Achates brought this action against Apple, alleging that Apple infringes the '889 Patent, which Apple denies. Without a declaration of invalidity, Achates will continue to wrongfully assert the '889 Patent against Apple.

87. Each and every claim of the '889 Patent is invalid under the provisions of the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and Apple is entitled to a declaration to that effect.

88. Pursuant to 35 U.S.C. § 285, this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action.

### Count IV: Invalidity of the '403 Patent

89. Apple incorporates by reference the allegations set forth in Paragraphs 69-75.

90. An actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Apple and Achates with respect to the validity of the '403 Patent because Achates brought this action against Apple, alleging that Apple infringes the '403 Patent, which Apple denies. Without a declaration of invalidity, Achates will continue to wrongfully assert the '403 Patent against Apple.

91. Each and every claim of the '403 Patent is invalid under the provisions of the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and Apple is entitled to a declaration to that effect.

92. Pursuant to 35 U.S.C. § 285, this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action.

## REQUEST FOR RELIEF

Apple requests that the Court enter a judgment:

A. Dismissing Achates's claims with prejudice;

B. Declaring that Apple has not infringed and does not infringe, directly or indirectly, any valid claim of the '889 and '403 Patents;

C. Declaring that each and every claim of the '889 and '403 Patents is invalid;

D. Awarding nothing to Achates;

E. Finding this case exceptional under 35 U.S.C. § 285 and awarding attorneys' fees and costs to Apple; and

F. Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Apple respectfully requests a jury trial on all issues so triable.

Dated: September 4, 2012

Respectfully submitted,

By: */s/ Melissa Richards Smith*

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Melissa@gillamsmithlaw.com

Douglas E. Lumish (Lead Attorney)
California Bar No. 183863
Jeffrey G. Homrig
California Bar No. 215890
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94070
Telephone: (650) 453-5170
Facsimile: (650) 453-5171
dlumish@kasowitz.com
jhomrig@kasowitz.com

Luann Simmons (*pro hac vice*)
Melody Drummond Hansen (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701
lsimmons@omm.com
mdrummondhansen@omm.com
aparker@omm.com

Attorneys for Defendant
APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the.  Any other counsel of record will be served by U.S. Mail or electronically. foregoing document has been served on September 4, 2012 to all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)

                                               */s/ Melissa Richards Smith*
                                               Melissa Richards Smith

10005515v1
9/4/2012 5:23 PM