IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACHATES REFERENCE PUBLISHING, INC, <br><br> Plaintiff, <br><br> v. <br><br> SYMANTEC CORPORATION; GLOBALSCAPE INC.; COMMON TIME INC.; COMMON TIME LTD.; NATIVE INSTRUMENTS SOFTWARE SYNTHESIS GMBH; NATIVE INSTRUMENTS NORTH AMERICA, INC.; STARDOCK SYSTEMS INC.; VALVE LLC; ELECTRONIC ARTS, INC.; NERO AG; NERO INC.; QUICKOFFICE, INC.; SOLARWINDS INC.; AND APPLE INC., <br><br> Defendant. | No.: 2:11-cv-00294 (JRG-RSP) <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF ACHATES REFERENCE PUBLISHING, INC.'S ANSWER TO DEFENDANT APPLE INC.'S COUNTERCLAIMS**

Plaintiff Achates Reference Publishing, Inc. ("Achates"), by and through its undersigned counsel, Gibbons P.C., as and for its Answer to the Counterclaims of Apple Inc. ("Apple"), hereby states as follows:

**THE PARTIES**

1. Achates admits that Apple has an address at 1 Infinite Loop, Cupertino, CA 95014. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70, and therefore denies the same.

2. The allegations of Paragraph 71 are admitted.

1

**AS TO JURISDICTION AND VENUE**

3.     The allegations contained in Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that jurisdiction in proper in this Court under 28 U.S.C. §§ 1331 and 1338(a). Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72, and therefore denies the same.

4.     The allegations contained in Paragraph 73 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that it has filed a complaint against Apple for infringement of United States Patent Nos. 5,982,889 ("the '889 patent") and 6,173,403 ("the '403 patent"). Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73, and therefore denies the same.

5.     The allegations contained in Paragraph 74 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that it has filed a complaint against Apple for infringement of the '889 patent and '403 patent. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74, and therefore denies the same.

**PATENT-IN-SUIT**

6.     Achates admits that it is the owner by assignment of all right, title, and interest in and to the '889 patent and that it attached a copy of the '889 patent as Exhibit A to the

Complaint. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and therefore denies the same.

7.    Achates admits that it is the owner by assignment of all right, title, and interest in and to the '403 patent and that it attached a copy of the '403 patent as Exhibit B to the Complaint. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and therefore denies the same.

## CAUSES OF ACTION
### Count I: Non-Infringement of the '889 Patent

8.    Achates incorporates by reference its responses to the allegations set forth in Paragraphs 1-7.

9.    The allegations contained in Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that it has filed a complaint against Apple for infringement of the '889 patent. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78, and therefore denies the same.

10.    The allegations contained in Paragraph 79 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 79.

11.    The allegations contained in Paragraph 80 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 80.

## Count II: Non-Infringement of the '403 Patent

12. Achates incorporates by reference its responses to the allegations set forth in Paragraphs 1-7.

13. The allegations contained in Paragraph 82 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that it has filed a complaint against Apple for infringement of the '403 patent. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82, and therefore denies the same.

14. The allegations contained in Paragraph 83 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 83.

15. The allegations contained in Paragraph 84 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 84.

## Count III: Invalidity of the '889 Patent

16. Achates incorporates by reference its responses to the allegations set forth in Paragraphs 1-7.

17. The allegations contained in Paragraph 86 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that it has filed a complaint against Apple for infringement of the '889 patent. Except as so admitted, Achates

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86, and therefore denies the same.

18. The allegations contained in Paragraph 87 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 87.

19. The allegations contained in Paragraph 88 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 88.

### Count IV: Invalidity of the '403 Patent

20. Achates incorporates by reference its responses to the allegations set forth in Paragraphs 1-7.

21. The allegations contained in Paragraph 90 state legal conclusions to which no response is required. To the extent a response is required and without conceding to the validity or addressing the merits of any claim contained herein, Achates admits that it has filed a complaint against Apple for infringement of the '403 patent. Except as so admitted, Achates lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90, and therefore denies the same.

22. The allegations contained in Paragraph 91 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 91.

23. The allegations contained in Paragraph 92 state legal conclusions to which no response is required. To the extent a response is required, Achates denies the allegations contained in Paragraph 92.

**REQUEST FOR RELIEF**

Apple's requests do not require a response, however, Achates denies that Apple is entitled to the requests it seeks.

**WHEREFORE**, Achates respectfully requests the following relief:

A. Dismissing with prejudice the Counterclaims against Achates;

B. Striking the affirmative defenses as insufficiently pled;

C. Declaring that Apple does directly infringe, contributorily infringe, and induce infringement of the claims of the '899 and '403 patents;

D. Declaring that the '899 and '403 patents are valid and enforceable;

E. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Achates its attorneys' fees;

F. Awarding to Achates its costs and disbursements of this action; and

G. Awarding such other and further relief as this Court may deem just and proper.

Dated:  September 24, 2012    Respectfully submitted,

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787164
Email: rcbunt@pbatyler.com
Charles Ainsworth
State Bar No. 00783521
Email: charley@pbatyler.com
Robert M. Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
**PARKER, BUNT & AINSWORTH**
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Phone: (903) 531-3535
Facsimile: (903) 533-9687

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
Email: jrambin@capshawlaw.com
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  903-236-9800
Facsimile:  903-236-8787


Of Counsel:

Vincent E. McGeary
New Jersey State Bar No. 041681991
**GIBBONS P.C.**
One Riverfront Plaza
Newark, NJ
Phone: (973) 596-4837
Facsimile: (973) 639-6477
Email: vmcgeary@gibbonslaw.com

Michael Cukor
New York State Bar No. 3935889
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
(212) 613-2013 (telephone)
(212) 554-9658 (facsimile)
Email: mcukor@gibbonslaw.com

*Attorneys for Plaintiff*
*Achates Reference Publishing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this September 24, 2012 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                         /s/ *Robert Christopher Bunt*
                                         ROBERT CHRISTOPHER BUNT