**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ACHATES REFERENCE PUBLISHING, INC. § § **Plaintiffs,** § § vs. § § § SYMANTEC CORPORATION; § GLOBALSCAPE INC.; COMMON TIME § INC.; COMMON TIME LTD.; NATIVE § INSTRUMENTS SOFTWARE § SYNTHESIS GMBH; NATIVE § INSTRUMENTS NORTH AMERICA, § INC.; STARDOCK SYSTEMS INC.; § VALVE LLC; ELECTRONIC ARTS, § INC.; NERO AG; NERO INC.; § QUICKOFFICE, INC.; and § SOLARWINDS INC. § § **Defendants.** § | | CIVIL ACTION No. 2:11-CV-00294-JRG-RSP JURY TRIAL DEMANDED |

## NOTICE OF ISSUANCE OF SUBPOENA TO ALCATEL-LUCENT USA, INC.

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Georgia and the subpoena attached hereto, APPLE INC. requests the production of documents by ALCATEL-LUCENT USA, INC. ("Alcatel") at 9:00 a.m. on October 9, 2012, at 1349 West Peachtree Street, N.W., Suite 1500, Atlanta, Georgia 30309, Attention: Mary Sanders.

Dated: September 25, 2012          Respectfully submitted,

                                                                 _/s/ Melissa R. Smith_
                                                               Melissa R. Smith
                                                               State Bar No. 24001351
                                                               GILLAM & SMITH, LLP
                                                               303 S. Washington Ave.

Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com

ATTORNEY FOR APPLE INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 25th day of September, 2012.

                              _____/s/ Melissa R. Smith_____

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Achates Reference Publishing, Inc. <br> *Plaintiff* <br> v. <br> Symantec Corp., et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:11-CV-294 (JRG-RSP) <br> (If the action is pending in another district, state where: <br> Eastern District of Texas ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Alcatel-Lucent USA, Inc. c/o The Prentice-Hall Corporation System
40 Technology Parkway South, Suite 300, Norcross, GA 30092-2924

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: 1349 West Peachtree Street, N.W., Suite 1500 <br> Atlanta, Georgia 30309 <br> Attention: Mary Sanders | Date and Time: <br> 10/09/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 9/25/2012

CLERK OF COURT                                          OR    *Patricia Young*

_____                               _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Apple Inc.
, who issues or requests this subpoena, are:

Patricia Young, Esq. - Email: pyoung@kasowitz.com
Kasowitz, Benson, Torres & Friedman LLP
Redwood Shores, CA 94065; Tel: 650-453-5170; Fax: 650-453-5171


AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:11-CV-294 (JRG-RSP)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Pursuant to the accompanying subpoena, Defendant Apple Inc. ("Apple") hereby requests that third party Alcatel-Lucent USA, Inc. ("Alcatel") produce documents and things responsive to the requests for documents and things listed below at the date and location specified in the subpoena, unless otherwise agreed to by Apple.

### DEFINITIONS & INSTRUCTIONS

1. "Alcatel," as used herein, means third party Alcatel-Lucent USA, Inc. and any predecessor, successor, parent, subsidiary, or affiliate entities.

2. "Apple," as used herein, means Defendant Apple Inc.

3. "Bell Labs Systems and Technology," as used herein, refers to systems, technologies, products, and/or services developed at Bell Labs relating to copyright protection for electronic publishing over computer networks and authentication in wireless service activation, including without limitation systems, technologies, products, and/or services researched and/or developed by James A. Reeds, III, Phillip A. Treventi, Alan D. Michel, Robert E. Reinke, Semyon B. Mizikovsky, Mehmet Reha Civanlar, Abhijit K. Choudhury, Nicholas F. Maxemchuk, Sanjoy Paul, and Hennig G. Schulzrinne (*see, e.g.*, Abhijit K. Choudhury, Nicholas F. Maxemchuk, Sanjoy Paul, & Hennig G. Schulzrinne, *Copyright Protection for Electronic Publishing Over Computer Networks*, IEEE Network 12 (May/June 1995)).

4. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Rules. Any document bearing marks, including without limitation,

initials, stamped initials, comments, or notions not a part of the original text or photographic reproduction thereof, is a separate document.

5. "Refer to," "referring to," "relate to," and "relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. The use of the singular form of any word includes the plural and vice versa.

8. If any information is withheld under a claim of privilege, please provide a privilege log in compliance with Fed. R Civ. P. 26(b)(5).

## REQUESTS FOR PRODUCTION

1. Non-privileged documents and things sufficient to identify and describe the features, functionality, operation, architecture, engineering, and testing (including without limitation all related email, drawings, lab notebooks, conception documents, specifications, white papers, source code, source code change logs, and the like) of the Bell Labs Systems and Technology prior to April 8, 1999.

2. Non-privileged documents and things sufficient to show and describe the design, research, and development (including without limitation all related

email, drawings, lab notebooks, conception documents, source code, source code change logs, and the like) of the Bell Labs Systems and Technology prior to April 8, 1999.

3. Non-privileged documents and things sufficient to identify any and all persons involved in the design and creation of the Bell Labs Systems and Technology.

4. Samples of the Bell Labs Systems and Technology, including working samples of software, demonstration systems, prototypes, and executable code from prior to April 8, 1999.

5. Non-privileged documents and things sufficient to identify and describe any final or draft patents or patent applications prepared or filed by Bell Labs, or any successor in interest, prior to April 8, 1999 relating to the Bell Labs Systems and Technology, including without limitation file histories, invention disclosures, prior art, and documents and things for that were used or considered in the prosecution of these patents.

6. Non-privileged documents and things sufficient to identify and describe the marketing efforts for the Bell Labs Systems and Technology prior to April 8, 1999, including without limitation all advertisements, brochures, trade show materials, white papers, and all other promotional material relating to the Bell Labs Systems and Technology.

7. Non-privileged documents and things sufficient to identify and describe the sales, offers for sale, publication, or public use or demonstration of the Bell Labs Systems and Technology, including documents showing when the Bell Labs Systems and Technology was first sold, offered for sale, or publicly shown or used, documents identifying any of Alcatel's customers, and documents showing any public

uses or sales or offers to sell to any customers or prospective customers prior to April 8, 1999.

8. Non-privileged documents and things sufficient to identify and describe the making or use of the Bell Labs Systems and Technology by Alcatel or any other party prior to April 8, 1999.

9. Non-privileged documents and things sufficient to identify and describe commercial products embodying the Bell Labs Products and Technology prior to April 8, 1999.

10. Non-privileged documents and things sufficient to identify and describe communications relating to the Bell Labs Systems and Technology including without limitation all manuals, user guides, white papers, articles, instructions, help files, training materials, websites, and demonstrations, from prior to April 8, 1999.

11. Non-privileged documents and things sufficient to identify and describe communications to or from customers or other users of the Bell Labs Systems and Technology concerning the use, features, functions, price, advantages, availability, or other aspects of the design, functionality, use, sale, or distribution of the Bell Labs Systems and Technology prior to April 8, 1999.

12. Non-privileged documents and things sufficient to identify and describe third party documents and things relating to the Bell Labs Systems and Technology and any related patents and patent applications, or any other third party systems, technologies, products, or services related to copyright protection for electronic publishing over computer networks or third party authentication in wireless service

activation systems, including without limitation trade magazines, industry analyses, valuations, evaluations, press releases, articles, and awards, from prior to April 8, 1999.