**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | |
|---|---|
| ACHATES REFERENCE PUBLISHING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SYMANTEC CORPORATION; GLOBALSCAPE INC.; COMMON TIME INC.; COMMON TIME LTD.; NATIVE INSTRUMENTS SOFTWARE SYNTHESIS GMBH; NATIVE INSTRUMENTS NORTH AMERICA, INC.; STARDOCK SYSTEMS INC.; VALVE LLC; ELECTRONIC ARTS, INC.; NERO AG; NERO INC.; QUICKOFFICE, INC.; and SOLARWINDS INC. <br><br> Defendants. | CIVIL ACTION NO.: 2:11-cv-00294-CE <br><br> JURY TRIAL DEMANDED |

**RESPONSE BY DEFENDANTS SYMANTEC CORPORATION AND QUICKOFFICE, INC. TO THE COURT'S ORDER OF APRIL 5, 2013**

Defendants Symantec Corporation ("Symantec") and Quickoffice, Inc. ("Quickoffice") hereby respond to the Court's Order of April 5, 2013. In particular, the Court requested that each defendant indicates whether or not they "(1) agree[] to be held to the same estoppel as will apply against Apple resulting from the *inter partes review*, and (2) agree[] that the estoppel will apply as soon as the PTO issues an appealable determination."

Neither Symantec nor Quickoffice agree to be bound by Apple's *inter partes review* or agree to be otherwise estopped based on those proceedings. Symantec and Quickoffice in no way wish to place additional burden on the Court or any other party to this litigation; however, they cannot agree to effectively forego their invalidity defense should this case proceed to trial.

More specifically, neither Symantec nor Quickoffice were involved in Apple's decision to file an *inter partes review* and, in fact, did not learn of the review until nearly one month after Apple filed its petition. Symantec and Quickoffice do not believe that, as a matter of law, they will be permitted to participate in Apple's *inter partes review*. This is particularly problematic because Symantec and Quickoffice plan to argue that certain prior art references—which are not at issue in the *inter partes review*—invalidate the patents-in-suit. If bound by the results of Apple's *inter partes review*, Symantec and Quickoffice would likely be estopped from addressing those prior art references in this litigation. In other words, agreeing to be bound by Apple's *inter parte review* leaves Symantec and Quickoffice with no opportunity to advance their invalidity defense in any forum.

Dated: April 10, 2013          Respectfully submitted,

By: /s/ *Jason M. Garr*

M. Craig Tyler
Texas Bar No. 00794762
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
Telephone: (512) 338-5400
Facsimile: (512) 338-5499
ctyler@wsgr.com

Stefani E. Shanberg
Texas Bar No. 24009955
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94304
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
sshanberg@wsgr.com

Ryan R. Smith (*pro hac vice*)
Holly B. Baudler (*pro hac vice*)

Jason M. Garr (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 493-6811
rsmith@wsgr.com
hbaudler@wsgr.com
jgarr@wsgr.com

**ATTORNEYS FOR DEFENDANT SYMANTEC CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on April 10, 2013.

/s/ *Jason M. Garr*
Jason M. Garr